UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-03107-SVW | Date | May 2, 2025 |
| --- | --- | --- | --- |
| Title | *Howard Scott v. Stanley C. Middleman et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
| --- | --- | --- |
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**        ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]

## I.        Introduction

Before the Court is Plaintiff Howard Scott's motion to remand. ECF No. 9. For the following reasons, Plaintiff's motion is DENIED.

## II.        Background

On March 10, 2025, Plaintiff brought an action in Los Angeles small claims court against Defendants Stanley C. Middleman and Freedom Mortgage Corporation. ECF No. 1-1. The complaint did not specify a specific cause of action, but it alleged wrongdoing with regard to a debt and explained that Plaintiff was adding "statutory damages in accordance with federal debt collection practices (FDCPA) Section 809(b)." *Id.* at 4.

On April 9, 2025, Defendants removed the case to this Court pursuant to federal question jurisdiction. ECF No. 1. In response, Plaintiff filed an "emergency motion to remand," arguing that Defendants removal was untimely.

| | : | |
| --- | --- | --- |
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-03107-SVW | Date | May 2, 2025 |
|---|---|---|---|
| Title | *Howard Scott v. Stanley C. Middleman et al.* | | |

### III.  Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, No. 21-cv-01112-BAS-BGS, 2021 U.S. Dist. LEXIS 185773, *3 (S.D. Cal. Sept. 28, 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may only hear cases as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### IV.  Discussion

Plaintiff's order presents two questions: (1) does the Court have federal question jurisdiction; and (2) was Defendants' removal timely. For the reasons explained below, the answer to both questions is yes.

#### A.  Federal Question Jurisdiction

Defendants removed the case pursuant to the Court's federal question jurisdiction. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint rule . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, while Plaintiff's small claims form complaint does not officially list the a federal statute as a cause of action (in fact, it does not list any causes of action at all), it is clear from the complaint's contents that his case arises out of federal law. Plaintiff asserts that he is seeking "statutory damages" under the FDCPA. ECF No. 1-1. Recovering statutory damages under the FDCPA necessarily requires bringing a FDCPA claim. Accordingly, the Court will construe Plaintiff's reference to FDCPA statutory damages as an assertion of a claim under the FDCPA. *See Yang Pao Vang v. Equable Ascent Fin., LLC*, No. 1:11-cv-

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-03107-SVW | Date | May 2, 2025 |
|---|---|---|---|
| Title | *Howard Scott v. Stanley C. Middleman et al.* | | |

1126, 2011 WL 3841017, at *1 (E.D. Cal. Aug. 30, 2011) (construing a small claims form complaint requesting damages based on the FDCPA as a FDCPA claim). Because the FDCPA is a federal statute, it is sufficient to confer federal question jurisdiction.

### B. Timeliness

Defendants have 30 days from the date of service of the complaint to file a notice of removal. 28 U.S.C. § 1446(b)(1). Plaintiff contends that he served Defendants with the complaint on March 25, 2025. Pl. Mot. to Remand, ECF No. 9. This would make Defendants deadline to remove the case April 24, 2025. Defendants removed the case on April 9, 2025, 15 days before that deadline. Defendants' removal was therefore timely.

### V. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand.

**IT IS SO ORDERED.**

:

Initials of Preparer                    PMC